[Cite as *First Merit Bank v. Doll*, 2012-Ohio-2292.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| FIRST MERIT BANK, N.A. | : | W. Scott Gwin, P.J. |
| | : | William B. Hoffman, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 2011CA00187 |
| | : | |
| | : | |
| JOHN A. DOLL | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:     Civil Appeal from Canton Municipal
                             Court Pleas Case No.
                             2011CVF2440

JUDGMENT:                    Affirmed In Part and Reversed
                             In Part, Judgment Entered

DATE OF JUDGMENT ENTRY:      May 21, 2012

APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

PHILLIP D. SCHANDEL                  JOHN A. DOLL, Pro Se
116 Cleveland Ave., N.W.             2444 Howenstine Drive
Suite 709                            East Sparta, Ohio  44626
Canton, Ohio 44702

*Edwards, J.*

{¶1} Defendant-appellant, John Doll, appeals from the July 28, 2011, Judgment Entry of the Canton Municipal Court granting the Motion for Summary Judgment filed by plaintiff-appellee First Merit Bank, N.A. and granting plaintiff-appellee judgment against defendant-appellant in the amount of $9,410.11 plus interest.

## STATEMENT OF THE FACTS AND CASE

{¶2} On April 6, 2011, appellee First Merit Bank, N.A. filed a complaint against appellant John Doll in the Canton Municipal Court. Appellee, in its complaint, alleged that appellant had executed and delivered to appellee a promissory installment note and that appellant had failed to pay such note. Appellee sought judgment against appellant in the amount of $9,410.11 plus interest at the rate of 6.99% from March 4, 2011. Appellant filed an answer to the complaint on June 3, 2011. The case was assigned to Judge Stephen Belden.

{¶3} Pursuant to a Judgment Entry filed on June 3, 2011, Judge Belden recused himself "feeling that his impartiality might reasonably be questioned in any subsequent action herein…" The case was transferred to Judge Mary Falvey.

{¶4} A telephone status conference was held on June 21, 2011. The trial court, as memorialized in a Judgment Entry filed on June 21, 2011, granted appellee leave to file a Motion for Summary Judgment by August 1, 2011.

{¶5} On June 30, 2011, appellee filed a Motion for Summary Judgment. Via a Notice filed on June 30, 2011, the trial court indicated that it intended to consider such motion on July 19, 2011. Appellant did not file a response to the Motion for Summary Judgment. Pursuant to a Judgment Entry filed on July 28, 2011, the trial court granted

such motion and granted appellee judgment against appellant in the amount of $9,410.11 plus interest at the rate of 6.99% from March 4, 2001.

{¶6} Appellant now appeals from the trial court's July 28, 2011 Judgment Entry.

{¶7} Appellant has failed to comply with App.R. 16(A)(3) as his brief does not include a statement of the assignments of error presented for review.

{¶8} Appellant, in essence, argues that the trial court erred in granting appellee's Motion for Summary Judgment.

{¶9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, we must refer to Civ.R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶10} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429,

1997-Ohio-259, 674 N.E.2d 1164, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

{¶11} As is stated above, appellee, on June 30, 2011, filed a Motion for Summary Judgment. Appellee, in support of its motion, submitted the affidavit of Gail Jeffreys, an employee of and Collections Officer for appellee. Jeffreys, in her affidavit, stated, in relevant part, as follows:

{¶12} "2. Affiant states that Plaintiff First Merit Bank, N.A. is the holder of the promissory note attached to plaintiff's complaint as Exhibit A.

{¶13} "3. Affiant states that there has been a default in payment under the terms of the note.  Plaintiff has therefore elected to accelerate the entire balance due.

{¶14} "4. Affiant states that there is due it on said account the balance of $9,410.11, together with interest therefrom March 4, 2011, at the rate of 6.99 percent per annum.

{¶15} "5. Affiant states that all the exhibits attached to plaintiff's complaint are true and accurate copies of original documents maintained by First Merit Bank, N.A., and that all of the statements contained herein and in plaintiff's complaint are true to the best of affiant's knowledge and belief."

{¶16} We note that appellee did not file a response to such motion. We find, that, construing the evidence in appellant's favor, there are no genuine issues of material fact and that the trial court did not err in granting appellee's unopposed Motion for Summary Judgment. However, we find, as appellee concurs, that the trial court erred in awarding appellee interest from March 4, 2001 rather than March 4, 2011, as requested in the complaint.

{¶17} Appellant, in his brief, also appears to argue that Judge Falvey had a conflict of interest. The statutory procedure for disqualification of a municipal court judge is set forth in R.C. 2701.031: "(A) If a judge of a municipal or county court allegedly is interested in a proceeding pending before the judge, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge or to a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the judge, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the court in which the proceeding is pending ..." We note that appellant did not file such an affidavit.

{¶18} Appellant also asserts that appellee's counsel had a conflict of interest. We note, however, that appellant did not file a Motion to Disqualify appellee's counsel and that the assertions made in appellant's brief concerning appellee's counsel are not reflected in the record.

{¶19} Finally, appellant also contends that after the appeal was filed, he received a notice from the court indicating that he had a "right to trial against garnishing my wages." Appellant maintains that the same was sent to the wrong address, making him unable to timely respond. However, the document that appellant refers to is not part of the record on appeal.

{¶20} Accordingly, appellant's assignments of error are overruled in part and sustained in part. We hereby enter judgment pursuant to App.R. 12(B) in favor of appellee and against appellant in the amount of $9,410.11 plus interest at the rate of 6.99% per annum from March 4, 2011.

By: Edwards, J.

Gwin, P.J. and

Hoffman, J. concur

_____

_____

_____

JUDGES

JAE/d0210

[Cite as *First Merit Bank v. Doll*, 2012-Ohio-2292.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FIRST MERIT BANK, N.A. | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOHN A. DOLL | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011CA00187 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Canton Municipal court is affirmed in part, and reversed in part. Judgment is entered in favor of appellee and against appellant in the amount of $9,410.11 plus interest at the rate of 6.99% per annum from March 4, 2011. Costs assessed 75% to appellant and 25% to appellee.

_____

_____

_____

JUDGES